UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOBBIE JO MATKIN,<br><br>             Plaintiff,<br><br>  v.<br><br>BRENT REINKE, et al.,<br><br>             Defendants. | Case No. 4:10-CV-00574-EJL<br><br>**MEMORANDUM ORDER** |

      Plaintiff Bobbie Jo Matkin moves the Court for an extension of time to serve process (Dkt. No. 2). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**MEMORANDUM ORDER - 1**

The Complaint was filed November 19, 2010 (Dkt. No. 1). The motion for an extension of time to serve the Complaint was filed on April 22, 2011. The Federal Rules provide that service shall occur within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Rule 4(m) states:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The question in this case is what standard the Court should apply to determine if "good cause" has been shown. Pursuant to Fed. R. Civ. P. 6(b), the good cause standard for an extension is different if the request for an extension is made prior to the deadline versus after the deadline.

> Extending Time.
> (1) In General. When an act may or must be done withing a specified time, the court may, for good cause, extend the time:
>     (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>     (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
> (2) Exceptions. A court must not extend the time to act under Rules 50(b) and(d), 52(b), 59(b), (d) and (e), and 60(b).

Clearly, Plaintiff is seeking the enlargement of time *after* the specified deadline to complete service so the standard the Court must apply to determine if the motion is for

**MEMORANDUM ORDER - 2**

good cause this request is the "excusable neglect" standard. "[T]he general rule is that a mistake of law does not constitute excusable neglect." Kyle v. Campbell Soup, 28 F.3d 928, 932 (9th Cir. 1994). Misconception of a non-ambiguous rule cannot constitute excusable neglect to justify an extension of time. Committee for Idaho's High Desert v. Yost, 92 F.3d 814, 824 (9th Cir. 1996). The Supreme Court has held that excusable neglect is a flexible and equitable concept based on the specific facts of each case. Pioneer Inv. Servs. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). However, the Supreme Court went on to state "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" Id. at 387.

In evaluating whether neglect is excusable, a district court must consider the four factors established by the Supreme Court in Pioneer: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Id. at 395. The Ninth Circuit has interpreted Pioneer to mean there is no *per se* rule and the district court should weigh the four equitable factors based on the circumstances presented in each case. Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004).

In the present case, counsel has been forthright with the Court in explaining the reason for the delay in service. His client needed additional time to raise funds to post any requested bond required by Idaho law and to retain an expert. Counsel states "so I

was waiting to serve summons on a tactical basis." Dkt. No. 2-1. Counsel indicates the Plaintiff was not able to raise sufficient funds, so he began preparations to have the defendants served and noted the time under the rules had expired. Counsel argues the Court should exercise its discretion to grant an extension since failure to do so will result in prejudice to the Plaintiff since the statute of limitations has run on the claims.

In applying the <u>Pioneer</u> factors, the Court makes the following findings:

1. The danger of prejudice to the named Defendants may be great because if the motion is allowed the Complaint will go forward and the Defendants will have to spend time and money associated with defending an otherwise barred Complaint. It is unclear to the Court if the Defendants have previous notice of Plaintiff's claims since the Complaint appears to indicate that the administrative relief process may not have been exhausted due to a fear of retaliation.

2. The length of delay here is over 30 days. The Complaint was filed on November 19, 2010 and 120 days from that date is March 19, 2011 which would be extended March 21, 2011 since March 19, 2011 was a Saturday. The motion was filed on April 22, 2011. So it is not a case of an attorney missing the deadline by just a day or two, the attorney missed the service deadline by over a month. While this may not seem like it will impact the judicial proceedings, the delay is still significant and does not appear to be due to excusable neglect on the part of the client or the attorney.

3. Was the reason for delay within the control of the movant? This is a tougher question for the Court as it is unclear to the Court why preparations to serve were not done within 120 days of filing the complaint if service was going to occur even if Plaintiff was unable to raise the necessary funds for the litigation. The Complaint was filed by an attorney, not a pro se plaintiff. If the reason for failing to serve involved the client's inability to raise money for a potential bond, counsel could have requested a waiver of any bond requirement under Idaho law.[1] While counsel also states the Plaintiff needed to raise money for an expert, such monies would not be necessary at the time the Complaint is served.

Counsel cites the Court to <u>Mann v. American Airlines</u>, 324 F.3d 1088 (9th cir. 2003) wherein the Court granted a pro se plaintiff an extension of time to serve his complaint after the 120 service deadline had passed and without a showing of good cause by the plaintiff. Plaintiff also cites the Court to the commentary on Rule 4(m) which authorizes a court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown or if the applicable statute of limitations would bar re-filing. The Court agrees that it has discretion in granting or denying a request for additional time to serve, but finds it should apply the four factors for

---

[1] Plaintiff's failure to post the bond required by Idaho Code § 6-610 would normally preclude Plaintiff's state law claims, but not Plaintiff's federal claims pursuant to §42 U.S.C. § 1983. However, on the state court claims a court may waive costs, fees and security for indigent parties. It is unclear from the motion whether the Plaintiff is or is not indigent.

**MEMORANDUM ORDER - 5**

excusable neglect set forth by case law rather than relying on the non-binding language in the commentary to the rule.

4. The moving party's failure to comply with the 120 day service deadline was not in bad faith. The attorney is honest about how the problem arose. However, it does not seem fair for the movant to delay service on a "tactical basis" but not have to comply with the technical consequences of the tactical choices of delaying service. It was within the movant's power to file a motion to extend the deadline for service prior to the due date arriving when the standard for good cause would be much less restrictive.

In considering all of the factors in this particular case, the Court finds Plaintiff has not established "excusable neglect" for not serving the Complaint on the Defendants within 120 days and/or moving for an extension prior to the deadline expiring instead of 30 days after the deadline had passed. Therefore the Court is unable to find good cause to support the granting of the requested extension of time to serve the Complaint and the matter must be dismissed without prejudice.

Being fully advised in the premises, the Court hereby orders the Motion for Extension of Time to Serve Process (Dkt. No. 2) is DENIED.

DATED: **April 28, 2011**

Honorable Edward J. Lodge
U. S. District Judge